RONNIE LEE HACKETT V. STATE OF TEXAS

NO. 07-00-0259-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 26, 2000

RONNIE DEAN PENNON, JR.,

Appellant

V.

THE STATE OF TEXAS, 

Appellee

FROM THE 108TH 
DISTRICT COURT OF POTTER COUNTY;

NO. 39827-E; HON. ABE LOPEZ, PRESIDING

ABATEMENT AND REMAND

Before BOYD, C.J. and QUINN and JOHNSON, JJ.

On December 14, 1998, Ronnie Dean Pennon, Jr. (appellant) pled guilty to the felony offense of burglary of a habitation and was placed on six years community supervision pursuant to an order deferring adjudication.  Acting upon the State’s motion to proceed with adjudication of guilt on the original charge filed on December 7, 1999, the 108
th
 District Court (trial court) entered an order pronouncing adjudication of guilt on March 16, 2000.  On March 20, 2000, appellant was sentenced to seven years incarceration in the Texas Department of Criminal Justice Institutional Division.  Appellant filed his pro se notice of appeal on March 29, 2000.  The clerk’s record was filed with this Court on May 16, 2000 and the reporter’s record was filed on May 24, 2000.  Accordingly, appellant’s brief was due on June 26, 2000, but has yet to be filed.

 We now abate this cause and remand it to the 1081th
 District Court
 of Potter County.  It is ordered that the judge of said court convene a hearing, after due notice to all parties, to determine: 

whether appellant desires to prosecute this appeal; 

 whether appellant is indigent; and

whether appellant is entitled to appointed counsel.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue his appeal, is indigent, and is entitled to counsel appointed by the court, then we further direct the trial court to appoint such counsel to assist in the prosecution of the appeal.  The name, address, phone number, telefax number, and state bar number of counsel appointed to represent appellant on appeal must also be included in the court’s findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders of the trial court issued as a result of its hearing on this matter and 2) a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before August 28, 2000.  Should additional time be needed to perform these tasks, the trial court may request same on or before August 28, 2000.

It is so Ordered. 

   

Per Curiam

Do not publish.